**Norma Padon MINCHEN, Appellant,**

v.

**Deloris Maurine Minchen FARRELL, Appellee.**

**No. 5849.**

Court of Civil Appeals of Texas, Waco.

July 20, 1978.

Rehearing Denied Aug. 24, 1978.

H. J. Bernard, Bernard & Bernard, Houston, for appellant.

Lloyd M. Lunsford, South Houston, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by Norma Padon Minchen, proponent of a holographic will written July 26, 1975 by Samuel Minchen, deceased, from judgment denying probate of such will, and refusing to revoke probate of a prior will executed by the deceased.

Norma Padon Minchen filed application for the probate of a holographic will written by her husband Samuel Minchen, deceased, and further filed suit to revoke the probate of a prior will executed by deceased on May 14, 1971 on ground such will was revoked by the July 26, 1975 will.

Appellee is Deloris Minchen Farrell daughter of Samuel Minchen, and Independent Executrix of the May 14, 1971 will executed by deceased.

Trial was to a jury which answered the following Special Issue:

"Do you find from a preponderance of the evidence that Samuel Minchen had testamentary capacity at the time of the purported signing of the purported will on July 26, 1975?

"In connection with the term 'testamentary capacity' you are instructed that a person lacks testamentary capacity when he does not have sufficient mental ability to understand the business in which he is engaged, the effect of his act in making the will and the nature and extent of his property; he does not know his next of kin and the natural objects of his bounty and their claims upon him; he does not have sufficient memory to collect in his mind the elements of the business about to be transacted and to hold them long enough to perceive at least their obvious relation to each other and to be able to form a reasonable judgment as to them.

"Answer: We do not."

The trial court rendered judgment on the verdict denying probate of the July 26, 1975 will, and denying application to set aside probate of the May 14, 1971 will.

Appellant Norma Padon Minchen appeals on one point:

"The trial court erred in holding that the Deceased lacked the necessary testamentary capacity to execute a holographic will."

The deceased Samuel Minchen, a real estate broker, was married to his first wife 39 years and had 4 children. In February 1970 his wife died. In 1971 he executed a will leaving his estate to his 4 children, appointing his daughter Deloris Farrell as Independent Executrix of such will.

On December 26, 1973 at which time he was 71 he married Mrs. Norma Padon.

On July 26, 1975 he executed a will revoking the earlier will; leaving his 4 children $1.; and all the balance of his property to his second wife. The July 26, 1975 will was in his own handwriting having been copied by him from a will prepared by an attorney from Victoria who had formerly worked with Mrs. Norma Padon Minchen. Such holographic will was witnessed by 2 witnesses and acknowledged before a Notary Public.

The 2 witnesses to the will, the notary who took the acknowledgments, a niece of Mrs. Norma Padon Minchen's, Mrs. Minchen, and 2 witnesses who had known the testator for several years, testified the testator was rational, talked coherently and intelligently, and discussed a real estate matter the day the July 26, 1975 will was executed; and was no different mentally in 1975 than he had been in earlier years.

Testator's son testified he officed with his father in 1973 or 1974; that some 3 years before his death he had to have a lot of help in all areas; that Mrs. Norma Padon Minchen told him his father was "like a little child."

Testator's daughter-in-law testified that he had arteriosclerosis, that he failed to recognize members of his own family, and that on July 26, 1975 he did not have such testamentary capacity to understand the business and effect of making a will; the nature of his property; or the natural objects of his bounty.

Testator's daughter testified her father's physical and mental condition deteriorated after 1972; that her father suffered from arteriosclerosis or hardening of the arteries; that he could not remember her children's names; that he could not remember anything, that in June 1975 he could not talk coherently.

Dr. Rivers, a medical doctor who examined testator on July 24, 1975, two days before execution of the will, testified he was somewhat weak; had difficulty with recent memory; that he suffered from senility, the ravage of age; quoted testator as saying he could not remember anything for 3 years and forgets everything; and quoted Mrs. Minchen who was present at the examination with saying he was unable to remember for more than 30 minutes. The doctor further testified testator suffered from arteriosclerotic disease, enlarged heart and cardiovascular disease, arthritis, weakness, senility and hearing loss; and that at the examination he was pleasant, alert, cooperative and rational.

From the foregoing evidence we think a jury might have found either way on the issue of testamentary capacity. The jury weighed the evidence and passed on the credibility of the witnesses and found that testator did not have testamentary capacity at the time he signed the will on July 26, 1975. We hold that there is ample evidence to support such finding and that same is not against the great weight and preponderance of the evidence. *In re Kings Estate,* 150 Tex. 662, 244 S.W.2d 660.

Appellant's point is overruled.

AFFIRMED.